UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANON SHORTER,

Petitioner,

v.

WARREN L. MONTGOMERY, et al.,

Respondents.

No.  2:18-cv-0537 DAD AC P

ORDER

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 28, 2018, this case was stayed pursuant to the parties' stipulation in order to allow petitioner to return to state court and exhaust an additional claim related to Senate Bill 1437,[1] which petitioner asserted also included Fourteenth Amendment due process and equal protection issues.  ECF No. 23.  On February 6, 2026, petitioner moved to lift the stay.  ECF No. 56.  He asserted that his co-defendant had recently been granted federal habeas relief on issues similar to those he raised in Claim One of the petition and that the stay should be lifted to "allow the parties to brief the issue of whether a writ of habeas corpus should issue based on the favorable decision in the codefendant's case issuing a

---

[1]  Senate Bill 1437 "amended the law relating to accomplice liability for murder" and included "a procedure for a defendant convicted of felony murder or murder under a 'natural and probable consequences' theory to obtain retroactive relief."  Brown v. Atchley, 76 F. 4th 862, 869-70 (9th Cir. 2023) (citations omitted).

1

writ of habeas corpus." ECF No. 56-4 at 5. Respondent opposed the motion, arguing that petitioner had not provided notification that he had exhausted the claim that was the basis of the stay and that the basis for lifting the stay was premature because his co-defendant's case was on appeal in the Ninth Circuit. ECF No. 60. Petitioner was granted extensions of time to file a reply (ECF Nos. 62, 64), and the deadline expired on June 3, 2026, without a reply being filed. On June 2, 2026, respondent filed a notice that the judgement granting relief in petitioner's co-defendant's case had been vacated and remanded with instructions to dismiss the petition in accordance with the parties' joint request. ECF No. 65. Petitioner has not addressed the vacatur of the order granting his co-defendant's petition.

Because the order on which petitioner based his request to lift the stay has now been vacated, petitioner will be required to advise the court whether he intends to proceed with his motion to lift the stay. If petitioner does not intend to proceed, he shall withdraw the motion. If petitioner intends to proceed with the motion, he is cautioned that if the stay is lifted this case will move forward on the claims in the petition only and without consideration of the claims he sought to return to state court to exhaust unless they are now exhausted and petitioner moves to amend the petition. A decision to proceed on the petition without first exhausting the additional claims and amending them into the petition may result in those claims being barred in this court. See 28 U.S.C. § 2244(b) (barring second or successive petitions).

Accordingly, IT IS HEREBY ORDERED that within fourteen days and as set forth above, petitioner shall notify this court as to how he intends to proceed with his motion to lift the stay.

DATED: June 11, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2