UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANON SHORTER, | No. 2:18-cv-0537 DAD AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARREN L. MONTGOMERY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 28, 2018, this case was stayed pursuant to the parties' stipulation to allow petitioner to return to state court and exhaust an additional claim related to then recently passed Senate Bill 1437;[1] petitioner asserted that the claim also presented federal due process and equal protection issues. ECF No. 23. On February 6, 2026, petitioner moved to lift the stay. ECF No. 56. He stated that his co-defendant had recently been granted federal habeas relief on issues similar to those he raised in Claim One of the petition, and argued that the stay should be lifted to "allow the parties to brief the issue of whether a writ of habeas corpus should issue based on the

---

[1] Senate Bill 1437 "amended the law relating to accomplice liability for murder" and included "a procedure for a defendant convicted of felony murder or murder under a 'natural and probable consequences' theory to obtain retroactive relief." Brown v. Atchley, 76 F. 4th 862, 869-70 (9th Cir. 2023) (citations omitted).

1

favorable decision in the codefendant's case ..." ECF No. 56-4 at 5. Respondent opposed the motion, arguing that (1) petitioner had not provided notification that he had exhausted the claim which was the basis for the stay, and (2) the asserted basis for lifting the stay was premature because his co-defendant's case was on appeal in the Ninth Circuit. ECF No. 60.

On June 2, 2026, respondent filed a notice that the judgement granting relief in petitioner's co-defendant's case had been vacated and remanded with instructions to dismiss the petition in accordance with the parties' joint request. ECF No. 65. Petitioner was ordered to advise the court whether he intended to proceed with his motion to lift the stay given the recent vacatur. ECF No. 66. He was cautioned that if he chose to proceed with lifting the stay and moving forward on his exhausted claims only, he would be potentially abandoning the unexhausted claims for which he originally sought the stay. Id. at 2 (citing 28 U.S.C. § 2244(b) (barring second or successive petitions)); ECF No. 68. Petitioner has now notified the court that he wishes to lift the stay and proceed on his exhausted claims. ECF No. 69.

In light of petitioner's representation that he wants to proceed on the fully exhausted original petition despite the potential abandonment of his unexhausted claims, the undersigned will recommend lifting the stay and that this case proceed on the original petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to lift the stay and re-open this case (ECF No. 56) be GRANTED;

2. The stay be lifted and this case proceed on the original petition;

3. The Clerk of the Court be directed to re-open this case; and

4. The parties be directed to file a joint status report within thirty days of any order adopting these findings and recommendations that addresses any supplemental briefing the parties may seek to submit and includes a proposed schedule for such briefing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE